UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joseph Crocco

     v.                                                      Civil No. 19-cv-882-LM
                                                         Opinion No. 2022 DNH 073 P

Richard Van Wickler, et al.


**O R D E R**

In this Eighth Amendment prison conditions case, defendants Barnes Peterson, Sergeant Michael Ouellette, Captain Michael Thompson, Major James Erwin, and Sergeant McKim Mitchell previously moved for summary judgment on the ground that plaintiff Joseph Crocco,[1] a former inmate at the Cheshire County Department of Corrections, failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The court denied defendants' motion on the ground that, if certain factual disputes were resolved in Crocco's favor, a reasonable jury could find that the administrative grievance procedure at the Cheshire County Department of Corrections was unavailable to Crocco during the potentially relevant time periods. Doc. no. 40 at 7.

Defendants now move to reconsider the court's denial of their motion for summary judgment. Doc. no. 41. Defendants alternatively move for an evidentiary hearing on their PLRA affirmative defense in the event the court denies their

---

[1] Crocco is represented pro bono by appointed counsel.

motion for reconsideration. Crocco objects. For the following reasons, the court denies defendants' motion for reconsideration but grants their motion for an evidentiary hearing.

I.    Motion for reconsideration

To prevail on a motion for reconsideration, the movant must demonstrate a manifest error of fact or law or put forth newly discovered evidence. See LR 7.2(e); Disaster Sols., LLC v. City of Santa Isabel, P.R., 21 F.4th 1, 7 (1st Cir. 2021). Defendants do not assert that they have newly discovered evidence. Defendants contend that the court misapprehended the applicable law and relevant facts and erred in "implicitly concluding that the PLRA exhaustion defense was an issue to be decided by a jury." Doc. no. 41-1 at 9. Crocco objects, arguing that the court correctly analyzed the issues and that the fact disputes related to his exhaustion defense should be decided by a jury.

Defendants have not demonstrated that the court's order denying their motion for summary judgment was based on a manifest error of fact or law. Furthermore, the court did not rule that the material factual disputes identified therein would be decided by a jury or the court. The court did not analyze that question and it made no ruling—implicit or otherwise—beyond relating the summary judgment standard and finding that defendants failed to carry their burden to show they were entitled to summary judgment on the affirmative defense

of PLRA exhaustion. For those reasons, defendants' motion for reconsideration (doc. no. 41) is denied.

II. Motion for evidentiary hearing

Contained within defendants' motion for reconsideration is an alternative request that the court hold an evidentiary hearing to resolve the factual disputes underlying their PLRA exhaustion defense. Crocco objects to that request, asserting that the Supreme Court cautioned in Jones v. Bock, 549 U.S. 199 (2007), that courts should treat PLRA exhaustion as they would any other affirmative defense. Therefore, Crocco asserts, the court should leave resolution of factual disputes as a matter to be resolved by a jury at trial because that is what the court would do if it were addressing any other affirmative defense.

"The First Circuit has not addressed whether factual issues regarding exhaustion are the province of the judge or the jury. However, all the circuit courts that have considered the question have held that it is for the court rather than a jury to resolve such issues." Burns v. Croteau, 561 F. Supp. 3d 164, 168 (D.N.H. 2020) (McCafferty, C.J.) (collecting cases); see also Rowell v. Hillsborough Cnty. Dep't of Corrs., No. 19-cv-419-JL, 2021 WL 4896972, at *1 (D.N.H. Sept. 23, 2021), report and recommendation approved sub nom., Rowell v. Vissa, 2021 WL 4895950, at *1 (Oct. 20, 2021); Czekalski v. Hanks, No. 18-cv-592-PB, 2020 WL 7231358, at *11-12 (D.N.H. Dec. 8, 2020). Cases holding that courts should resolve factual disputes for PLRA exhaustion defenses post-date the Supreme Court's decision in

3

Jones v. Bock.  For example, the Ninth Circuit analogized PLRA exhaustion to personal jurisdiction and venue, among other defenses, and held that the court may resolve disputed factual issues notwithstanding Jones.  See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) ("We conclude, consistent with Jones . . . that exhaustion is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention, in that all these matters are typically decided at the outset of litigation. . . . [A]ll four [other circuits that have addressed the question] allow resolution by the judge of disputed factual issues.").  For those reasons, the court finds that an evidentiary hearing is the appropriate way to resolve the factual disputes about the defendants' PLRA exhaustion defense.

Accordingly, the court will schedule an evidentiary hearing after which it will resolve the pending factual disputes and issue a ruling on the merits of defendants' PLRA exhaustion affirmative defense.  Crocco requests an opportunity to conduct discovery before any evidentiary hearing.  The parties are directed to confer and set a reasonable schedule to complete discovery related to exhaustion in advance of an evidentiary hearing.  The parties shall file a status report on or before **June 27, 2022**.  The status report shall (1) notify the court that they have agreed on discovery and (2) propose to the court agreed-upon dates for the evidentiary hearing.

Finally, the court appointed Attorney Geoffrey M. Gallagher of Sulloway and Hollis, PLLC, to represent Crocco pro bono "for the limited purpose of representing him on defendants' motion for summary judgment[.]"  Doc. no. 31 at 1.  The court

proceedings related to defendants' motion for summary judgment have concluded. The court, however, finds that it is in the interest of justice for Attorney Gallagher to continue representing Crocco through the evidentiary hearing ordered herein. See LR 83.7.  Attorney Gallagher's representation of Crocco shall continue under the same terms as the court's initial appointment order, doc. no. 31.

    SO ORDERED.

                                  _____
                                  Landya McCafferty
                                  United States District Judge

June 15, 2022

cc:    Counsel of Record